```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                         STATESVILLE DIVISION
                          5:08CV113-MU-02
```

```
SAMUEL ALBRIGHT BROWN,    )
     Plaintiff,           )
                          )
     v.                   )           ORDER
                          )
N.C. DEPARTMENT OF COR-   )
  RECTION;                )
OFFICER WINKLER; Correc-  )
  tions Officer at the    )
  Alexander Correction    )
  Institution;            )
OFFICER SIMMS, Correc-    )
  tions Officer at the    )
  ACI; and                )
OFFICER TEAGUE, Correc-   )
  tions Officer at the    )
  ACI,                    )
     Defendants.          )
_____)
```

**THIS MATTER** comes before the Court on an initial review of Plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed October 10, 2008. After careful consideration, for the reasons stated herein, Plaintiff's Complaint will be dismissed for his failure to state a constitutional claim for relief.

According to his Complaint, on an unspecified occasion, a "staff" person directed Plaintiff to retrieve cleaning supplies from various housing blocks. Plaintiff alleges that he was not given an escort for this assignment notwithstanding the fact that

the "staff" was aware that another inmate was angry with Plaintiff because that inmate's friend had been disciplined concerning a cleaning bottle.  Plaintiff says while performing this task, he was assaulted and injured by the subject inmate.  Plaintiff further alleges that Officer Simms was inside the cell block when the assault occurred and Officer Teague observed the assault from another area, but neither intervened to assist him.  By way of relief, Plaintiff asks the Court to award him "any monetary awards for damages" which it deems appropriate.  Contrary to Plaintiff's mistaken belief, however, he is not entitled to any relief on his allegations.

First, Plaintiff has named the N.C. Department of Corrections.  However, the State D.O.C. is not a "person" for purposes of this action. See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  Therefore, because Plaintiff cannot state a claim for relief against the State D.O.C., this action must be dismissed as to this Defendant.

Second, Plaintiff also has named Officer Winkler as a defendant.  Nevertheless, Plaintiff has not set forth a single allegation against Winkler.  Suffice it to say, this Court has no obligation to assume matters which Plaintiff did not even bother to allege.  Accordingly, inasmuch as Plaintiff has not even attempted to state a claim for relief against this Defendant, this action must be dismissed as to him.  See <u>Neitzke v.</u>

2

Williams, 490 U.S. 319, 324-27 (1989) (noting that district courts have the authority to dismiss complaints which fail to state a federal claim for relief).

Last, Plaintiff alleges that Officers Simms and Teague were negligent by their failure immediately to intervene in the assault. However, it is well settled that neither the Fourteenth Amendment's Due Process Clause, Davidson v. Cannon, 474 U.S. 344, 347 (1986), nor the Eighth Amendment, Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) is violated by an officer's negligent failure to protect an inmate from violence.

Likewise, to the extent that Plaintiff is alleging that these two Officers placed him in a dangerous and vulnerable position by directing him to enter cell blocks without providing him an escort, such allegation still must fail. Rather, to establish deliberate indifference in this regard, however, Plaintiff must allege facts which show that there was a specific known risk of harm which Defendants ignored. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). In the instant case, Plaintiff alleges that the "staff" was aware that another inmate was angry at him. Such allegation falls far short of establishing that Simms and Teague personally were aware of the situation. Moreover, even if Simms and Teague were aware of the other inmate's anger toward Plaintiff, that knowledge, without more, still would not give rise to an inference that Defendants knew that such other inmate posed a

3

serious risk of harm to Plaintiff.

In sum, Plaintiff has failed to state a claim for relief as to any Defendant. Therefore, Plaintiff's Complaint must be dismissed in its entirety.

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a constitutional claim for relief. See 28 U.S.C. 1915(A)(1)(b).

**SO ORDERED.**

Signed: October 20, 2008

Graham C. Mullen
United States District Judge