```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  STATESVILLE DIVISION
                    5:08CV113-MU-02
```

SAMUEL ALBRIGHT BROWN,    )
      Plaintiff,          )
                          )
        v.                )         ORDER
                          )
OFFICER WINKLER; Correc-  )
  tions Officer at the    )
  Alexander Correction    )
  Institution;            )
OFFICER SIMMS, Correc-    )
  tions Officer at the    )
  ACI; and                )
OFFICER TEAGUE, Correc-   )
  tions Officer at the    )
  ACI,                    )
      Defendants.         )
_____)

**THIS MATTER** comes before the Court on remand from the Fourth Circuit Court of Appeals, docketed as case number 08-8501.

On October 10, 2008, Plaintiff filed a civil rights Complaint under 42 U.S.C. §1983. As was noted in this Court's Order of dismissal, Plaintiff's form-Complaint alleges that on an unspecified date,[1] he was "directed by staff to go inside housing blocks to pick up cleaning supplies 'unescorted'"; that "staff was aware that a[n] inmate was mad at [him] because his friend

---

[1] Although the Fourth Circuit's opinion states that Plaintiff alleged that this incident took place on May 9, 2008, there is no mention of any date either in Plaintiff's Complaint or in the grievance materials which Plaintiff attached to his Complaint. The undersigned can only assume that such information was provided in the appellate brief which Plaintiff filed with that Court.

had got[ten] a write-up over a cleaning bottle," but "staff still sent [him] in the block to pick up bottles"; and that on that occasion, he was assaulted and seriously injured, "by this inmate."

Plaintiff also alleges that Defendant Simms "was in the block when [he] went in"; that Defendant Teague "observed [the assault] from the slid[ing] door [but] neither officer intervened . . . ." Finally, Plaintiff theorized that the "staff officers in question were negligent [and] placed [him] in a dangerous [and] vulnerable position knowing there was prior problems"; and that such conduct was a violation of his constitutional rights. By way of relief, Plaintiff requests unspecified damages as determined by this Court.

Upon its initial review, the undersigned determined that Plaintiff's form-Complaint did not contain a single allegation against Defendant Winkler. Therefore, the Court concluded, pursuant to Neitzke v. Williams, 490 U.S. 319, 324-27 (1989), that Plaintiff's action had to be dismissed as against him.

As to Simms and Teague, this Court determined that Plaintiff's allegation of their negligent failure to intervene was not cognizable under either the Fourteenth Amendment's Due Process Clause, or under the Eighth Amendment. The Court further found that to the extent Plaintiff was alleging that these two Defendants were deliberately indifferent to his need for safety,

his claim still failed because he had not alleged any facts whatsoever to establish that there was a specific known risk of harm as required under Pressly v. Hutto, 816 F.2d 977 (4th Cir. 1987).

On appeal, however, the Court of Appeals noted that although Plaintiff's Complaint merely alleged that "staff members'" knew the other inmate was mad at him, his grievance identified Defendant Winkler as the "staff member who was aware of the other inmate's grudge[2] against Brown but nonetheless sent [Plaintiff] to pick up cleaning supplies." Brown v. North Carolina Department of Corrections, et al., No. 08-8501, slip op at 3 (4th Cir. Jan. 11, 2010). Therefore, the Court of Appeals concluded that such allegation was sufficient to state a claim for relief, presumably on the ground that Winkler was deliberately indifferent to his duty to protect Plaintiff from harm. Id. at 6.

Such position is quite troubling to this Court for several reasons, not the least of which is that neither Plaintiff's Complaint or his grievance alleged a single fact to show that Winkler's knowledge of the inmate's anger somehow translated into knowledge that such inmate intended to harm Plaintiff and that the inmate was located in the building into which Plaintiff was

---

[2] The Fourth Circuit describes the other inmate as having had a "grudge" against Plaintiff, which description tends to suggest the possibility of some long-term hostility toward Plaintiff. However, Plaintiff actually describes the other inmate only as having been "mad" at him for a discrete reason involving some third party. Inasmuch as it can be said that many prison inmates are "mad" at someone for some reason at some point during their incarceration, the Court cannot find anything in this allegation which put any of Defendants on notice that Plaintiff was at a risk of harm beyond that inherent to ordinary prison life.

3

sent. Indeed, there were no allegations that the other inmate ever threatened Plaintiff, or that he even had a violent history so as to have alerted Winkler to the need to exercise a heightened state of vigilance for Plaintiff's safety concerning that inmate.

This Court also is perplexed by the Fourth Circuit's determination that Plaintiff's allegations that Simms "was in the block" and that "staff members" were aware that the inmate was mad somehow gave rise to inferences that Simms personally was aware of those facts and failed to protect Plaintiff from whatever risk of harm he may have faced. Id. at 7. Nor does the Court understand how an allegation that Simms failed to intervene in the assault reasonably can be construed from Plaintiff's allegation that Simms "was in the block." Indeed, had Plaintiff wanted to assert such allegations against Simms, he clearly was capable of doing so as evidenced by his grievance's assertion that Winkler knew of the inmate's anger but still sent him into the unit, and by his Complaint's claim that Teague negligently failed to intervene in the assault.

This Court is well aware of its obligation liberally to construe pro-se pleadings as explained in Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the Court likewise is aware that such obligation does not relieve plaintiffs of their obligation to assert a claim cognizable within the jurisdiction of the

4

district court and upon which the court can grant relief. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997) ("whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented"); and Beaudett v. City Hampton, 775 F.2d 1274, (4th Cir. 1985) (district Court is not required to develop tangential claims from scant assertions in complaint). Nor does it mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a federally cognizable claim. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

In any case, this Court has been directed by the Fourth Circuit to reinstate Plaintiff's Complaint against Defendants and to conduct further proceedings in this matter. Accordingly, Defendants shall be required, in accordance with the Federal Rules of Civil Procedure, to respond to Plaintiff's allegations as crafted by the Fourth Circuit Court of Appeals.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Clerk shall prepare process and deliver same to the U.S. Marshal;

2. The Marshal shall serve process upon Defendants Winkler, Simms and Teague; and

3. Defendants shall respond, in accordance with the Federal

Rules of Civil Procedure, to Plaintiff's claims as those issues have been crafted by the Fourth Circuit Court of Appeals' opinion.

**SO ORDERED.**

Signed: January 12, 2010

Graham C. Mullen
United States District Judge